**HILL BROS. v. PIERCE.**

No. 22324.   Sept. 11, 1934.

C. C. Williams, for plaintiff in error.

Babb & Bennett, for defendant in error.

RILEY, C. J. This is an appeal from a judgment in favor of the plaintiff in an action brought by defendant in error to recover the sum of $229.15, alleged to be the balance due upon the sale of certain peaches.

Plaintiff alleged a straight out sale of the peaches for an agreed price of $497.48, and payment on account of $271.25, and a balance due of $226.15, and refusal of defendant to pay same.

Defendants answered denying the sale as alleged by plaintiff, and alleged the facts to be: That during the year 1929, they were engaged in buying peaches in the vicinity of Cameron, Okla., and shipping same to

various markets; that in July of that year they had bought a part of a carload of peaches; that they suggested to plaintiff and he agreed that plaintiff, a grower, would put in sufficient peaches to fill out the carload and ship to market, plaintiff to receive his proportionate share of the net proceeds, the peaches to be shipped to a commission firm in Chicago, Ill.; that, pursuant to this arrangement, plaintiff did ship in one car 144 bushels of peaches and in another car 202 bushels.

That upon the two transactions the peaches were sold on a falling market, and that plaintiff's full share of the proceeds was but $271.25, which was paid to plaintiff, and defendants specifically denied that they at any time purchased any peaches from plaintiff.

The cause was tried to a jury, resulting in a verdict appearing to have been signed by nine members of the jury and the foreman in favor of plaintiff for the amount sued for. Judgment was entered upon the verdict, and defendants appeal.

At the trial plaintiff was permitted, over the objection of defendants, to testify to an entirely different contract or agreement with defendants from that set out in his petition, and without any request to amend his petition. The petition alleged a straight sale of the peaches, 144 bushels at $1.35, and 202 bushels at $1.50. His evidence was, in substance, that defendants had induced him to put the peaches in the cars with those of the defendants, and that defendants would guarantee him that the peaches would net him $1.35 and $1.50 per bushel, respectively, and that if they brought more on the market in Chicago, defendants would pay him the additional amount. He was also permitted, over the objection of defendants, to testify that he had been selling his peaches that year to one Reynolds at $1.35 per bushel, and that Reynolds had offered him that amount per bushel for the peaches he put in the first car, and $1.50 per bushel for those put in the second car. Plaintiff was also permitted, over the objection of defendants, to introduce the testimony of Mr. Reynolds to the effect that he, Reynolds, had been paying plaintiff $1.35 per bushel for his peaches, and that he offered him that price for the peaches put in the

first car, and $1.50 per bushel for those put in the second car.

It is contended under separate assignments that the admission of this evidence was error.

The assignments are well taken. Certainly evidence of what others had offered was not competent to prove a sale at an agreed specified price. Neither was the fact that plaintiff had been selling peaches to Reynolds competent evidence to prove the contract alleged in the petition. It might have been competent had plaintiff been relying upon a sale at the market price, and there was dispute as to what the market price was. But we are unable to understand, and plaintiff does not point out, under what rule of law he claims such evidence was admissible.

The sole question at issue was, Did plaintiff sell the peaches outright as claimed by him, or was he merely shipping his peaches with defendants, taking his chances on the market? The testimony of Reynolds was incompetent. It was hearsay and had no tendency whatever to prove the alleged contract of sale.

It is also contended that the verdict was not signed by nine competent jurors, it being alleged that one of the jurors who signed the verdict was not a qualified juror in that he was at the time under 21 years of age, which fact was unknown to the defendants at the time the juror was examined by the court generally as to his qualifications.

It was further claimed that when the jury returned the verdict into court, defendants demanded a poll of the jury, and that upon a poll being taken the foreman answered that the verdict was not his verdict; that he merely signed the verdict of the nine jurors as their foreman. We need not consider this question, as it is not likely to arise on another trial.

For the error in the admission of the evidence complained of, the judgment is reversed and the cause remanded for a new trial.

CULLISON, V. C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.